IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVIE C. JORDAN, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:22-CV-2576-E-BK |
| | § | |
| HILDA DAVIS, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Stevie Jordan's motion to proceed *in forma pauperis* but did not issue process. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On November 16, 2022, Jordan filed a *pro se* complaint against Hilda Davis, Sandra Wond, and Larry O. Johnson. Doc. 3 at 1. Jordan lists various criminal statutes but fails to state a cause of action or allege any coherent facts from which the Court can discern a cognizable cause of action. Doc. 3 at 1. He alleges *in toto*:

> Chapter 63-mail fraud and other fraud offenses
> Sec. 1341. Frauds and swindles, 1342. Fictititious name or address, 1343. Fraud by wire, radio, or television, 1344 Bank fraud, 1345. Injunctions against fraud, 1346 Definition of "scheme or artifice to defraud", 1347 health care fraud, 1348. Securities and commodities fraud, 1349. Attempt and conspiracy, 1350. Failure of corporate officers to certify financial reports, 1351. Fraud in foreign labor contracting.

Doc. 3 at 1.

With his complaint, Jordan encloses voluminous attachments (over 200 pages), consisting primarily of copies of federal criminal statutes and documents related to state eviction and federal bankruptcy proceedings and personal matters such as utilities, medical bills, bank statements, medical visits, etc. *See* Doc. 3 at 2-22; Doc. 3-1 through Doc. 3-10.

Despite his many supporting documents, Jordan fails to present a cognizable federal claim. Thus, this action should be dismissed as frivolous.

## II. ANALYSIS

Jordan's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides among other things for the sua sponte dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Jordan has failed to state a cognizable legal claim or anything that can be construed as such. He also offers no legal authority and, as illustrated here, his factual contentions are clearly inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Further, if Jordan alleges criminal law violations, his request lacks any legal basis. *See* Doc. 3 at 1. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (party who seeks to imply a private right of action bears the burden to show that Congress intended to create one). Here, Jordan has pled nothing that would even come close to meeting that burden. Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Consequently, Jordan's complaint should be dismissed with prejudice as factually and legally frivolous.

## III.  LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here Jordan has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Jordan could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## IV. CONCLUSION

For all of the foregoing reasons, Jordan's complaint should be **DISMISSED WITH PREJUDICE** as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on January 13, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).